IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00004-GPG

ERNIE LEE CALBART, SR.,

    Plaintiff,

v.

RICK RAEMISCH, D.O.C. Director – Official Capacity,
JOHN CHAPALAINE, Warden – Official Capacity, and
BERNATTE SCOTT, Lt. (AIC), Individual Capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ernie Lee Calbart, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Correctional Facility in Sterling, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights, as well as claims under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132, *et seq.* Plaintiff has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Calbart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Calbart will be ordered to file an amended complaint.

**I.  The Complaint**

Mr. Calbart alleges in the Complaint that he is an "80% disabled veteran" because of degenerative arthritis in his right and left knees and arthritis in his ankle, which severely limit his mobility.   (ECF No. 1 at 3).   He further states that he received knee replacements for both knees in July 2013, but x-rays taken in July 2015 showed that the right knee implant is loose.   According to Plaintiff, after he filed a grievance against a correctional officer for calling him a "nigger," on September 1, 2015, the Sterling ADA coordinator, Defendant Bernatte Scott, directed Nurse Kautz to remove his walking cane and his walker on September 4, 2015.   (*Id.*).   Mr. Calbart states that he was re-issued his walker on October 23, 2015, but Defendant Scott "still failed to issue temp accommodations."   (*Id.* at 7).   During the six weeks that Plaintiff was denied a walker or a cane, he lost over 20 pounds because he was not able to get to the dining hall for meals. He also alleges that even with his walker, he cannot bring his food tray back to the table to eat without spilling his food and drink because he needs to keep both hands on the walker, and prison officials will not allow another inmate to bring him his tray for security reasons.

Mr. Calbart sues Defendant Lt. Bernatte Scott for violation of Title II of the ADA, and his Eighth Amendment rights, because she directed a nurse to remove Plaintiff's cane and walker, causing him to fall several times, injuring his neck, back, hips and legs. Plaintiff sues the Director of the Colorado Department of Corrections, Rick Raemisch, and the Warden at Sterling Correctional Facility, John Chapalaine, in their official capacities, for violation of Title II of the ADA because the current ADA policies in the CDOC and at

Sterling do not automatically recognize disabled veterans as disabled for purposes of Title II of the ADA. Mr. Calbart requests injunctive and monetary relief.

## II. Analysis

### A. Claims Asserted Against Defendant Scott

Plaintiff's allegations that Defendant Scott, the ADA Inmate Coordinator, directed a nurse to remove his cane and walker, fails to state an arguable claim for relief under the ADA. Plaintiff sues Defendant Scott in her individual capacity. However, the ADA authorizes suit only against a public entity. *See* 42 U.S.C. § 12131(1)(B) (defining public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."). There is no individual liability under the ADA. *See Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D.Colo.1999). Accordingly, Mr. Calbart cannot pursue an ADA claim against Defendant Scott.

Plaintiff's allegations that Defendant Scott violated his Eighth Amendment rights claim mirror the claim asserted by Mr. Calbart in another pending action, *Ernie L. Calbart v. Trisha Kautz*, No. 15-cv-02220-MJW. In the amended complaint filed in 15-cv-02220-MJW (ECF No. 12), Plaintiff claims that Defendant Nurse Kautz violated his Eighth Amendment rights when she, *inter alia*, removed his cane and walker, causing him to fall and injure himself.

"'District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.'" *Lori L. Park v. TD Ameritrade Trust Co., Inc.*, No. 11-1157, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th

Cir.1993) (internal quotation marks omitted). To conserve judicial resources, and as part of its general power to administer its docket, a district court, "may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Although Defendant Scott is not a named Defendant in Case No. 15-cv-02220-MJW, the Eighth Amendment claim asserted against the Defendant in the present action arises out of the same factual allegations as the claim asserted against Defendant Kautz in Case No. 15-cv-02220-MJW. Consequently, the Court is inclined to dismiss the Eighth Amendment claim against Defendant Scott without prejudice so that Plaintiff can request the opportunity to amend his pleading in No. 15-cv-02220-MJW, to assert the claim in that action.

### B. ADA Claims Asserted Against Defendants Raemisch and Chapalaine

Mr. Calbart also asserts a Title II ADA claim against Defendants Raemisch and Chapalaine, in their official capacities. The official capacity claims are construed as claims asserted against the State of Colorado. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). "[T]he proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity." *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935, at *6 (D. Colo. April 24, 2012).

Title II of the ADA states, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132. Mr. Calbart therefore must allege facts to show that he was excluded from participation in or denied the benefits of a

public entity's services, programs, or activities because of a covered disability.  *See Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citation omitted); *see also Moore v. Diggins*, No. 15-1271, 2015 WL 8479678, at *4 (10th Cir. Dec. 10, 2015) (unpublished).   While the ADA requires the Defendants to provide a reasonable accommodation, and not the accommodation Plaintiff prefers, *see Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249, 1263 (10th Cir.2001), Defendants have an obligation under the ADA to provide "meaningful access" to the prison services, programs or activities.  *See Alexander v. Choate*, 469 U.S. 287, 301 (1985) ("to assure meaningful access, reasonable accommodations in the [public entity's] program or benefit may have to be made"); *Robertson*, 500 F.3d at 1195 ("The ADA requires more than physical access to public entities: it requires public entities to provide 'meaningful access' to their programs and services." [emphasis in original] ).

Mr. Calbart is reminded that "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."  *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (holding that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation"). *See also Burgess v. Goord,* 1999 WL 33458, at *7 (S.D.N.Y.1999) (holding that the plaintiff-inmate's injuries to both knees and resulting impaired mobility, as well as his inaccessibility to a cane or prison elevator, did not support a discrimination claim under the ADA).

The failure to accommodate a prisoner's disability that results in the prisoner's inability to access meals on the same basis as other inmates can support a Title II ADA claim, *see e.g., Jason v. Illinois Dep't of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012).

In the Complaint, Mr. Calbart alleges that was unable to access meals for approximately six weeks while he was denied his walker.  He further makes a vague allegation that he cannot access his meals even with a walker.  It is not clear from the Complaint whether Plaintiff continues to be denied access to meals, or other facility programs and/or services, because of a discriminatory failure to accommodate his disability.

And, finally, Plaintiff's allegations that the State of Colorado's current ADA policies for the CDOC do not automatically recognize disabled veterans as disabled for purposes of Title II of the ADA is conclusory and vague, which is insufficient to state an arguable claim for relief.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110. To pursue a Title II ADA claim, Plaintiff must allege specific facts that he is a qualified individual with a disability, and was either denied the benefits of the services, programs, or activities provided by the CDOC because of his disability.  Accordingly, it is

ORDERED that Plaintiff, Ernie L. Calbart, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Calbart shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Calbart fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, some or all of this action may be dismissed without further notice.

DATED February 25, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge